UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SANDRA K. MOORE, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CASE NO. 1:14-cv-00160-SLC |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| *sued as Carolyn W. Colvin, Acting Commissioner* | ) | |
| *of SSA*, | ) | |
| | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Sandra K. Moore brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (DE 1). On September 2, 2015, this Court entered an Opinion and Order reversing the Commissioner's denial of benefits and remanding the case for further proceedings. (DE 32).

Moore's attorney, Joseph Shull, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $7,864.75 for his representation of Moore in federal court. (DE 39). The Commissioner does not oppose Moore's fee request. (DE 42). For the following reasons, Shull's motion for attorney fees will be GRANTED, subject to the adjustments set forth herein.

### *A. Factual and Procedural Background*

On May 28, 2014, Shull entered into a contingent fee agreement with Moore for his representation of her in federal court, in which Moore agreed to pay him 25% of any past-due

benefits awarded to her.[1]  (DE 40-2).

On May 28, 2014, Moore filed the instant action with this Court, appealing the Commissioner's denial of her application for disability benefits.  (DE 1).  On September 2, 2015, Moore received a favorable judgment from this Court, and the case was remanded to the Commissioner for further proceedings.  (DE 32; DE 33).

On November 11, 2015, Moore filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking payment for the 31.30 hours of work Shull spent advocating her claim in federal court.  (DE 35 to DE 37).  The Court granted Moore's motion and awarded her an EAJA fee award of $5,978.30.  (DE 38).

On November 2, 2016, the Commissioner sent a notice of award to Moore, informing that she was entitled to monthly disability benefits beginning May 2010 and past-due benefits of $55,459.00, of which $13,864.75 was withheld toward payment of attorney fees.  (DE 40-1).  Shull states that Attorney Kenneth Schuck, who represented Moore before the Social Security Administration, requested and received $6,000 (less a service fee of 6.3 percent of the fee amount) from the amount withheld by the Commissioner, in payment for Schuck's representation of Moore at the agency level.  (DE 40 at 2).

On August 1, 2017, Shull filed the instant motion, together with supporting documentation, seeking the Court's approval of a payment of $7,864.75 for attorney fees before this Court.  (DE 39 to DE 41).  On August 14, 2017, the Commissioner filed a response indicating that it does not object to Shull's request.  (DE 42).

---

[1] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

*B. Legal Standard*

Fees for representing social security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793, 794. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA,[2] the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. 42 U.S.C. § 406(a); *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a). There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[3] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. Furthermore, § 406(b) has been harmonized with the EAJA; although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), courts are required under §

---

[2] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when its position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[3] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

3

406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted). "A petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

### *C. Analysis*

The Court is charged with determining whether Shull's requested fee of $7,864.75 under the contingent fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of [Moore's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). In that regard, Moore was awarded $55,459.00 in past-due benefits. Thus, the fee amount that Shull requests, $7,864.75, does not exceed 25% of Moore's past-due benefits.

Shull contends that his requested fee award of $7,864.75 is reasonable for the 31.30 hours that he spent representing Moore in federal court. He emphasizes that the requested fee reflects the contingent nature of the recovery. *See Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under § 406(b)); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a *de novo* standard . . . . [and] because there are no settlements.").

It is clear that Shull obtained a good result for Moore, as the Commissioner ultimately

found her disabled and awarded her $55,459.00 in back benefits. Furthermore, Shull's requested fee of $7,864.75 divided by the 31.30 hours he spent on the case in federal court equates to an effective rate of approximately $251 per hour.[4] This rate is well below many of the effective rates previously awarded in the Fort Wayne Division. *See, e.g.*, *Duke v. Astrue*, No. 1:05-cv-383, 2010 WL 3522572, at *4-5 (N.D. Ind. Aug. 30, 2010) (awarding a fee equating to $549.14 per hour); *Schimpf v. Astrue*, No. 1:06-cv-18, 2008 WL 4614658, at *3-4 (N.D. Ind. Oct. 16, 2008) (awarding a fee equating to $583.50 per hour). Accordingly, Shull's requested fee award of $7,864.75 will be authorized by this Court, subject, however, to two adjustments.

The first adjustment is an offset for the $5,978.30 in EAJA fees that Shull already recovered, reducing the fee award to $1,886.45. *Gisbrecht*, 535 U.S. at 796; (DE 40 at 11 (acknowledging that his § 406(b) award should be offset by the EAJA award of $5,978.30)).

The second adjustment is because Shull filed his § 406(b) fee request approximately nine months after Moore was awarded benefits, and thus, there is a timeliness issue as to his fee request. *See Richardson v. Astrue*, No. 07-62-P-H, 2010 WL 2927269, at *2 (D. Me. July 20, 2010) ("[I]t is entirely appropriate for the commissioner *or* the court to raise, and for the court to consider, whether a section 406(b) fee petition has been timely filed." (citations omitted)). The Seventh Circuit Court of Appeals has stated that "a petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith*, 815 F.2d at 1156.

---

[4] Although the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter v. Astrue*, No. 09-30452, 2010 WL 3783666, at *7 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").

In *Hill v. Commissioner of Social Security*, this Court held that an attorney's delay of nine months in filing a § 406(b) fee request prejudiced Hill, because it deprived Hill of the timely receipt of the $1,754.75 additional amount withheld from her past-due benefits. No. 1:11-cv-00134-SLC, 2016 WL 2643360, at *5 (N.D. Ind. May 10, 2016). The Court concluded that Hill should not be prejudiced by her attorney's delay. *Id.* Thus, the Court reduced the portion of the attorney's award to an amount equal to the interest on the remaining $1,754.75, calculated pursuant to the statutory interest rate, beginning 90 days after the date of Hill's benefit award through the date the attorney filed his § 406(b) motion, and added it to the $1,754.75 owed to Hill. *Id.*; *see Cox v. Astrue*, No. 3:07-cv-234, 2011 WL 2692910, at *2 (N.D. Ind. July 11, 2011) (finding a two-year interval between attorney's receipt of a notice of award and his filing of a § 406(b) request to be *per se* unreasonable); *Scharlatt v. Astrue*, No. C 04-4724, 2008 WL 5000531, at *6 (N.D. Cal. Nov. 21, 2008) (reducing the amount of the § 406(b) award where the attorney's 18-month delay deprived plaintiff of the timely receipt of an additional amount of past-due benefits); *Garland v. Astrue*, 492 F. Supp. 2d 216, 221-22 (E.D.N.Y. 2007) (denying a § 406(b) fee award where the attorney delayed nine months in filing the motion).

Here too, the instant motion was filed approximately nine months after the Commissioner awarded Moore benefits. This delay has prejudiced Moore in that it has deprived her of the timely receipt of the additional amount of $5,978.30 withheld from her past-due benefits. Moore should not be prejudiced by her attorney's delay. Accordingly, the Court will order that the attorney's portion of the fee award be reduced to account for the prejudice that resulted to Moore because of her attorney's delay. More particularly, the Commissioner will be directed to deduct from the portion due to Shull, an amount equal to the interest on the $5,978.30 owed to Moore, as calculated pursuant to the statutory interest rate, beginning January 31, 2017, which is 90 days

6

after Moore was awarded benefits, through August 1, 2017, the date the instant motion was filed, and add it to the $5,978.30 owed to Moore. Shull, then, is to receive the remaining balance of the fee award.

### *D. Conclusion*

For the foregoing reasons, Shull's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (DE 39) is GRANTED, except that his requested fee of $7,864.75 is reduced to $1,886.45 to offset his prior award of EAJA fees in the amount of $5,978.30. The Commissioner is further ORDERED to deduct from Shull's award of $1,886.45 an amount equal to the interest on the remaining $5,978.30 owed to Moore, as calculated pursuant to the statutory interest rate, beginning January 31, 2017, through August 1, 2017, and add it to the $5,978.30 owed to Moore.

SO ORDERED.

Entered this 21st day of August 2017.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge